**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**John Henry COPPEDGE, III,
Defendant–Appellant.**

No. 99–6334.

United States Court of Appeals,
Sixth Circuit.

April 12, 2001.

Before KRUPANSKY,
BATCHELDER, and MOORE, Circuit
Judges.

BATCHELDER, Circuit Judge.

Defendant John Henry Coppedge, III pled guilty to using a computer to entice a minor to engage in a sexual act, in violation of 18 U.S.C. § 2422(b), and traveling in interstate commerce for the purpose of engaging in a sexual act with a minor, in violation of 18 U.S.C. § 2423(b). He was sentenced to 57 months in prison and 3 years of supervised release. Coppedge appeals, claiming solely that the district court erred in denying him the three-point reduction in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(b), or, alternatively, that the court failed to make sufficient findings to justify the denial of acceptance of responsibility. We will affirm the judgment of the district court.

The presentence report for Coppedge included the considerable body of evidence indicating that Coppedge had made preparations to leave the country to escape prosecution for these offenses and similar offenses in Colorado and California. In light of this information the report recommended that the base offense level be increased by two, under USSG § 3C1.1, for obstruction of justice. The presentence report did not recommend any reduction in offense level for acceptance of responsibility.

The district court held an evidentiary hearing on the sentencing factors of obstruction of justice and acceptance of responsibility. At the conclusion of the hearing, the court noted that the matters turned on Coppedge's credibility and declined to apply the increase for obstruction of justice. The court opined that although it was clear that Coppedge had made preparations to flee, the burden of proving obstruction was on the government and, the evidence did not demonstrate an actual attempt to escape. The court ruled that mere preparation to flee was not sufficient to permit a finding of obstruction. The court went on to note, however, that the burden of proof was not on the government but on Coppedge for acceptance of responsibility, and given the evidence presented at the hearing, the court found that Coppedge had not accepted responsibility for his criminal activity.

Somewhat later in the sentencing proceedings, Coppedge addressed the court, and claimed that in making preparations to leave the country to escape prosecution, he had done only what a "prudent man" would do when faced with the potential loss of liberty that he faced for the charges in California, Colorado and Tennessee. He made no further preparations when it appeared that he would not be subject to what he viewed as "draconian" punishment for the Colorado and California offenses. Asserting that his overt actions to escape punishment for his offenses were no worse than those of the President, he asked the court to consider whether there are two systems of justice in this country. Coppedge then pronounced himself ready to accept whatever punishment the court–in its fairness and integrity–might mete out.

The court held that the appropriate offense level was 21–this level reflected neither any increase for obstruction of justice nor any decrease for acceptance of responsibility–and the criminal history category was III. The court sentenced Coppedge to 57 months, the maximum permitted by the applicable guideline range.

■ We review for clear error the sentencing court's factual findings; while giving due deference to the sentencing court's application of the guidelines to those facts, we review de novo the court's legal conclusions. *United States v. Robinson,* 152 F.3d 507, 509 (6th Cir.1998).

■ The essence of Coppedge's claim on appeal is that because he did not actually attempt to escape, the district court cor-

rectly found that the increase of offense level for obstruction of justice was not warranted; however, the district court failed to recognize that Application Note 4 to U.S.S.G. § 3E1.1, the Acceptance of Responsibility provision, suggests that in the absence of conduct constituting obstruction, the defendant is entitled to credit for acceptance of responsibility if there is substantial evidence in the record that the defendant's conduct conformed to Application Note 3. We think that Coppedge is mistaken in his interpretations of both application notes and in his view of the record.

Application Note 4 to § 3E1.1 instructs that "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." That note does *not* suggest that the absence of obstructive conduct implies any entitlement to credit for acceptance of responsibility. Application Note 3 to § 3E1.1 explains the kind of conduct that will "constitute significant evidence of acceptance of responsibility," but also states that "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance or responsibility."

We think that the record of the sentencing proceedings makes it very clear that the district court did not find Coppedge credible on the subject of acceptance of responsibility. And contrary to Coppedge's belief, we think the district court also made it clear that the preparations Coppedge made to escape the country were relevant to his acceptance of responsibility for his criminal conduct and indicative of his failure to accept that re-sponsibility. We find no error of either fact or law in the district court's findings and conclusions.

Accordingly, the judgment of the district court is AFFIRMED.